UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
TERESA WONG, *individually*
*and on behalf of others similarly*      **CASE NO:**
*situated,*

          *Plaintiff,*

-against-

THE JOHN ALLAN COMPANY,
a Delaware corporation, and
JOHN ALLAN, an individual,

          *Defendants.*
------------------------------------------------------X

## CLASS AND COLLECTIVE ACTION COMPLAINT

TERESA WONG ("Plaintiff"), individually and on behalf of others similarly situated, by and through her attorneys, Law Offices of Nolan Klein, P.A., sues Defendants, THE JOHN ALLAN COMPANY and JOHN ALLAN (collectively "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action to redress violations of state and federal employment law on behalf of every individual similarly situated to Plaintiff, who worked for the Defendants any time during the six-year period preceding this filing.

2. Plaintiff is a former employee of Defendants.

3. Defendant, John Allan owns, operates, and/or controls that certain men's beauty salon known as John Allan's, having various locations, including at 46 W. 46th St., New York, NY (hereinafter referred to as "John Allan's").

4. Plaintiff was employed as a manicurist and pedicurist at John Allan's for a period of 8 years, from June 11, 2011 through and including October 11, 2019.

5. Throughout her employment, Plaintiff worked 40 hours per week.

6. Plaintiff was paid inconsistently and erratically and was never paid the required minimum wage for her work.

7. Plaintiff was paid by different means on a consistent basis. She was sometimes paid by personal check, sometimes by business check, sometimes with cash, and sometimes by wire.

8. Plaintiff was never provided required wage statements and notices.

9. Plaintiff now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and litigation costs.

10. Plaintiff seeks certification of this action as a class action pursuant to Fed. R. Civ. P. 23, and/or as a collective action pursuant to 29 U.S.C. §216(b), on behalf of herself individually, and all other of Defendants' similarly situated employees and former employees.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. §216(b). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a). This Court has further subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2).

12. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants operate their business in this district, and Plaintiff was employed in this district.

## **PARTIES**

*Plaintiff Teresa Wong*

13.  Plaintiff is over the age of 18 years, *sui juris*, and a resident of this District.

14.  Plaintiff was employed by Defendants from approximately June 11, 2011 through and including October 11, 2019.

*Defendant Corporation*

15.  At all times relevant to this complaint, Defendants owned, operated, and/or controlled a men's beauty salon with various locations, including 46 W. 46th St., in New York City, which was Plaintiff's place of work.

16.  Upon information and belief, THE JOHN ALLAN COMPANY, was and is a corporation organized and existing under the laws of the state of Delaware, authorized to do, and doing, business in this District.

17.  At all times relevant to this action, the corporate Defendant was engaged in commerce or in an industry or activity affecting commerce.

18.  On information and belief, at all times relevant hereto, the corporate Defendant grossed $500,000.00 or more per annum.

19.  The corporate Defendant constitutes an enterprise within the meaning of 29 U.S.C. §203(r)-(s).

*Defendant John Allan*

20.  Defendant John Allan is an individual engaging (or who was engaged) in business in this District during the relevant time period.

21.  Defendant Allan is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of corporate defendant.

22. Upon information and belief, Allan possesses or possessed operational control over the corporate defendant, possesses or possessed an ownership interest in the corporate defendant, and controls or controlled significant functions of the corporate defendant.

23. Defendant Allan had control over the wages and compensation of the employees of Defendants, including Plaintiff, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

24. At all material times, Defendants have operated a men' beauty salon in various locations, including 46 W. 46th St., in New York, NY.

25. Upon information and belief, Defendant, John Allan, possesses or possessed operational control over the corporate defendant, possesses or possessed an ownership interest in corporate defendant, and controls or controlled significant functions of the corporate defendant.

26. Defendant Allan possesses or possessed substantial control over Plaintiff's and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

27. Defendant Allan employed Plaintiff, and all similarly situated individuals, and is their employer within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation.

29. Upon information and belief, at all times material hereto, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.00.

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.

*Plaintiff Teresa Wong*

31. Plaintiff is a former employee of Defendants and was employed to work at Defendant's midtown New York City location.

32. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b), and/or Fed. R. Civ. P. 23.

33. Plaintiff was employed by Defendants from approximately June 11, 2011 through and including October 11, 2019.

34. Plaintiff was a manicurist and pedicurist, and her work required neither discretion nor independent judgment.

35. Plaintiff worked 40 hours per week during the entire period of her employment.

36. Plaintiff was paid by various means, including personal checks, company checks, cash, and wire transfer.

37. During the six-year period preceding this lawsuit (back to 2014) Plaintiff's annual wages were as follows:

| 2014 | $14,002.39 | Hourly rate: $6.73 |
| 2015 | $11,335.14 | Hourly rate: $5.44 |
| 2016 | $17,392.58 | Hourly rate: $8.36 |
| 2017 | $16,736.16 | Hourly rate: $7.99 |
| 2018 | $20,713.00 | Hourly rate: $9.95 |

38. For 2019, Plaintiff's W2 states that she earned $19,574.38; but in fact, this is incorrect, and **_Plaintiff worked without any pay at all from June through October 2019_**, before finally quitting.[1]

39. Defendants never provided Plaintiff with an accurate statement of wages with each payment of wages, as required by NYLL §195(3).

40. Defendants never provided any notice to Plaintiff, in English and in Chinese (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such other information as is required by NYLL §195(1).

*Defendants' General Employment Practices*

41. Upon information and belief Defendants employed more than 11 employees during the relevant time period.

42. Pursuant to New York State Minimum Wage Laws, employers who employ 11 or more employees, were required to pay a general minimum wage rate of $8.00 in 2014, $8.75 in 2015, $9.00 in 2016, $11.00 in 2017, $13.00 in 2018 and $15.00 in 2019.

43. Defendants' pay practices resulted in Plaintiff and similarly situated individuals not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum rate.

44. Plaintiff and similarly situated individuals were victims of Defendants' common policy and practices violating rights under the FLSA and NYLL by, *inter alia*, not paying the minimum wage for all hours worked.

---

[1] The sole exception being a single wire transfer in September 2019 for approximately $900.00.

6

45. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

46. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

47. Defendants failed to provide Plaintiff and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

48. Defendants failed to provide Plaintiff and other employees, at the time of hiring, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## RULE 23 CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action on her own behalf, and also as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of individuals defined as follows: Any and all individuals employed by Defendants at any John Allan's salon location, at any time during the six-year period preceding the date on which this complaint was filed (the "Class").

50. Excluded from the Class is any person who is an executive, professional, managerial, or other employee of Defendants who is exempt from coverage under the NYLL and FLSA, and not subject to the protections of those laws.

51. The members of the class or so numerous that joinder of all Class members is not practical. The size of the class will be determined through discovery.

52. Plaintiff's claims are typical of those of the Class. Plaintiff, along with every member of the Class, has suffered violations of applicable labor laws, including each of the violations complained of by Plaintiff herein.

53. Plaintiff will adequately protect the interests of all members of the Class and has retained competent legal counsel experienced class action litigation as well as FLSA and NYLL litigation. Plaintiff has no interests that are contrary to the interests of the Class.

54. A class action is by far the most efficient way by which to resolve all FLSA and NYLL claims belonging to any current or former Employee of Defendants, which occurred at any time within the relevant limitations period. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendants, for member of the Class, and for courts of this District.

55. Common questions of law and fact prevail with respect all members of the Class, and predominate over questions applicable solely to individual Class members. Among such

common questions of law and fact is whether Defendant has violated its state and federal legal obligations by failing to comply with FLSA and NYLL requirements in the manner alleged by Plaintiff herein, such that all members of the Class are owed minimum pay, as well as damages for failure to provide required wage and other notices.

56. Plaintiff knows of no special or unique difficulty that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

57. The names and addresses of Class members are readily discernable from the Defendants' business records. Notice of this case to each member of the Class, along with notice to each member of the Class that he/she will need to opt-out of the Class or otherwise be barred from pursuing future action, can be delivered by U.S. Mail, or electronic mail (where applicable), using technique and a form of notice similar to those customarily used in class action litigation in the District, and can additionally be posted at Defendants' place of business, or by other means that are likely to reach members of the Class.

## FLSA COLLECTIVE ACTION CLAIMS

58. Plaintiff further brings her FLSA minimum wage claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case.

59. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage for some or all hours worked.

60. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

61. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the putative Class and FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the Class and FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

63. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r)-(s).

65. Defendants failed to pay Plaintiff and the Class and FLSA Class members at the applicable minimum hourly rate, in violation of 29 U.S.C. §206(a).

66. Defendants' failure to pay Plaintiff and the Class and FLSA Class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

67. Plaintiff, the Class, and the FLSA Class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

68. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

69. Defendants paid Plaintiff and the Class less than the minimum wage, in violation of NYLL §652(1) and supporting regulations.

70. Defendants' failure to pay Plaintiff and the Class minimum wage was willful within the meaning of NYLL §663.

71. Plaintiff and the Class were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

72. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

73. Defendants failed to provide Plaintiff and the Class with a written notice, in English and in the primary language of each member of the Class (in the case of Plaintiff, Chinese), of their rates of pay, regular pay days, and such other information as required by NYLL §195(1).

74. Defendants are liable to Plaintiff and members of the Class in the amount of $5,000.00 each, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

75. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

76. Defendants never provided Plaintiff and the Class with wage statements upon each payment of wages, as required by NYLL §195(3).

77.     Defendants are liable to Plaintiff and the Class in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, for himself and on behalf of the Class, requests that this Court issue an Order granting to Plaintiff and to the Class, the following:

a)      Certifying this action as a class action;

b)      Certifying the Class and an opt-out class, which includes all persons defined as being within the Class, and/or as a collective action, and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) and/or Fed. R. Civ. P. 23, to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file (a) notices of claim; and/or (b) opt-out notices;

c)      Naming Plaintiff as lead plaintiff, and representative of the Class;

d)      Appointing Nolan Klein, Esq., and Law Offices of Nolan Klein, P.A., as Class Counsel for all purposes in this action;

e)      Declaring that Defendants violated the FLSA and NYLL in the manner alleged;

f)      Declaring that Defendants' violations of the provisions of the FLSA and NYLL were willful;

g)      Awarding Plaintiff, the Class, and/or the FLSA Class, damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

h)      Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages, 29 U.S.C. § 216(b);

i)   Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

j)   Awarding Plaintiff and the Class damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages,

k)   Awarding Plaintiff and the Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

l)   Awarding Plaintiff and the Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage compensation shown to be owed pursuant to NYLL §663 as applicable; and liquidated damages pursuant to NYLL §198(3);

m)   Awarding Plaintiff and the Class pre-judgment and post-judgment interest as applicable;

n)   Awarding Plaintiff and the Class the expenses incurred in this action, including costs and attorneys' fees;

o)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)   All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

DATED: November this 20th day of November, 2020.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
633 S. Andrews Ave.
Litigation Building, Suite 500
Ft. Lauderdale, FL 33301
PH:     (954) 745-0588
www.nklegal.com

By: */s/ Nolan Klein*
  NOLAN KLEIN, ESQUIRE
  (NK 4223)
  klein@nklegal.com
  amy@nklegal.com