| | |
|---|---|
| **LAW OFFICES OF NOLAN KLEIN, P.A.** | **ATTORNEYS & COUNSELORS** |

**633 S. ANDREWS AVE., SUITE 500**
**FORT LAUDERDALE, FL 33301**
**PH: (954) 745-0588**

**112 W. 34TH STREET**
**SUITE 1800**
**NEW YORK, NY 10016**
**PH: (646) 560-3230**

**www.nklegal.com**                                                                 Nolan Klein, Esq.
                                                                                    klein@nklegal.com

May 24, 2021

**VIA ECF and EMAIL:** ALCarterNYSDChambers@nysd.uscourts.gov
Honorable Andrew Carter
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

                        **RE:** **Wong v. The John Allen Company, et. al.**
                                SDNY Case No. 1:20-cv-09800

Dear Judge Carter:

      Plaintiff Teresa Wong ("Plaintiff," "Plaintiff Wong," or "Ms. Wong") and Defendants, The John Allen Company (the "Company"), and John Allen (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

      **Settlement Amount**

      Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wages, failure to give a wage notice at time of hire, and failure to provide wage statements, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

      Plaintiff Wong alleged that she was employed by Defendants from 2011 through October 2019, at Defendants' beauty salons in New York City. Plaintiff worked as a manicurist and pedicurist, and claims that she worked approximately 40 hours per week but was not paid for her straight-time hours. Plaintiff was paid by various means and alleges that her pay never totaled an amount equal to or greater than the required minimum wage due. There is no overtime claim in this case. Plaintiff also alleges that she did not receive wage statements or wage information, as required by the NYLL. Plaintiff's position is that she is owed the difference between amounts paid and the minimum wage extending back to 2014 (the statute

of limitations cutoff), plus liquidated damages, as well as a penalty for failure to provide the required notices, and all attorney's fees and costs.

Defendants dispute that Plaintiff worked the hours she alleged and, therefore, do not owe her the demanded relief. At the same time, Defendants are asserting the existence of an undue hardship in light of the current pandemic and its impact on their business

The parties therefore acknowledge that they face risks of not being able to prevail on some or all of their claims and/or defenses if this case were to proceed to trial. In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the parties have agreed to resolve and settle the case for the gross amount of $20,000.00. After the deduction of Plaintiff's counsel's attorneys' fees and costs of $6,300.00 (discussed further below), this results in a settlement payment to Plaintiff Wong of $13,700.00. This reflects a reasonable compromise between the parties' disputed positions over (1) Defendants' alleged failure to pay minimum wages, failure to give a wage notice at time of hire, and failure to provide accurate paystubs; and (2) Defendant's claims regarding the factual basis for the allegations made, as well as the impact that the pandemic has had on Defendants' business.

### **Fairness of the Settlement Agreement**

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 U.S. Dist. LEXIS 105775, at *35 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id*. at *36 (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)). Plaintiff's recovery – after attorneys' fees – is clearly fair and reasonable; it was reached at arm's length, after an extensive mediation session. *See, e.g., Meigel v. Flowers of the World, NYC, Inc.*, No. 11 Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.*, No. 11 Civ. 7410, 2011 U.S. Dist. LEXIS 144798, at *2 (S.D.N.Y. Dec. 13, 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of her pay may be sufficient to prove the deficiencies in the amounts paid to her in cash, her recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff's interest in the outcome of this matter, it is probable that the factfinder would apply some discount factor to the amounts she claims to have been paid. Further, Defendants will defend this case by asserting that certain of the factual allegations regarding time worked are unsubstantiated. Defendants also claim that as a result of the Coronavirus pandemic, their business came to a complete stop in the spring of 2020 and has yet to recover.

Given the conflicting evidence, the quality of the evidence and counsel, and the

allocation of the burden of proof on Plaintiff, the settlement agreement represents a reasonable compromise with respect to contested issues. While this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such. Plaintiff had not yet moved for the issuance of a notice to potential opt-in plaintiffs regarding this action. The parties are prepared to execute this proposed settlement agreement promptly upon approval by the Court.

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Counsel for Plaintiff, Nolan Klein, Esq., was highly qualified to represent Plaintiff in this case, and achieved a result with which the Plaintiff is satisfied. Mr. Klein litigates at the trial court and appellate levels and has taught CLE courses on how to litigate in federal court, including a course on litigation of FLSA cases. Mr. Klein has represented clients in commercial litigation and appeals, including in dozens of FLSA matters. Mr. Klein has been a member in good standing of the Florida Bar since 2003, of the New York Bar since 2012, and has appeared as a legal analyst on Fox News, CNN, CNBC, and CBS. He is licensed to practice in multiple federal districts, including the Southern and Middle Districts of Florida, the Northern District of Illinois, the District of Colorado, and Southern, Eastern, Western, and Northern Districts of New York.

Pursuant to our firm's agreement with the Plaintiff, we are entitled to retain one third of the settlement amount ($6,300.00) as attorney's fees. We are also entitled to be reimbursed for all out- of-pocket costs; however, we are agreeing to waive that reimbursement in this case. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181-82 (S.D.N.Y. 2015)). Therefore, as one-third is standard practice in FLSA claims, it is a fair number for this matter as well.

### **Conclusion**

For the foregoing reasons, counsel for all parties jointly and respectfully request that the Court approve the parties' settlement agreement as fair and reasonable and dismiss this action with prejudice. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 U.S. Dist. LEXIS 115984, at *14-*17 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

                                                Respectfully submitted,

                                                */s/ Nolan K. Klein*
                                                Nolan K. Klein, Esq.